Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
Christian Lee, Bar No. 301671
CLee@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Non-Party GOOGLE LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUROPLAY CAPITAL ADVISORS, LLC, a Delaware limited liability company; MARK DYNE, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1 through 10, inclusive,<br><br>    Defendant. | Case No.: 2:17-cv-02856-CAS-ASx<br><br>**DECLARATION OF CHRISTIAN LEE IN SUPPORT OF GOOGLE LLC'S PORTION OF THE JOINT STIPULATION RE MOTION TO COMPEL SUPPLEMENTAL RESPONSES FROM GOOGLE LLC**<br><br>Hearing Date: February 15, 2018<br>Time: 10:00 a.m.<br>Courtroom: 580-5th Floor<br>255 East Temple Street<br>Los Angeles, CA 90012 |

I, Christian Lee, declare as follows:

1. I am a member of the Bar of the State of California and an attorney at Perkins Coie LLP, counsel for non-party Google LLC ("Google"). I make this declaration in support of Google's portion of the Joint Stipulation Re Motion To Compel Supplemental Responses From Google, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of the objection letter dated May 9, 2017, that I sent on behalf of Google to Plaintiffs regarding their subpoena.

3. On June 2, 2017, I telephonically met and conferred with Messers. Jeffrey Gersh and James Sedivy, counsel for Plaintiffs, to discuss Google's objections to the subpoena, including that it is invalid under the federal Stored Communications Act ("SCA") because it sought protected content and that no exception to the SCA applied. I further explained that Google could produce non-content information to Plaintiffs' subpoena, including IP addresses, which Plaintiffs could then use to identify the user associated with the IP addresses and then obtain discovery from them. I also explained that producing content under the enumerated exceptions to the SCA was at Google's discretion. Finally, I discussed with counsel that the district for compliance with the subpoena was the Northern District of California.

4. On June 28, 2017, in response to Plaintiffs' subpoena, Google electronically produced (1) the subscriber information that the account holder provided to Google; (2) IP addresses associated with logins and logouts from the Gmail account in question; and (3) non-content headers, which contain the emails' unique metadata such as message ID, time and date stamp, sender, recipient, and associated IP address.

5. After hearing nothing from Plaintiffs for almost six months after Google's production, I received a letter dated November 22, 2017 from Mr. Sedivy

claiming that Google's production was incomplete. On November 30, 2017, we met and conferred by phone. I informed Mr. Sedivy that Google had produced the reasonably accessible non-content information available to it. Mr. Sedivy demanded that Google produce the emails that had been forwarded to the Gmail account from Plaintiffs' email account. I again explained to Mr. Sedivy that federal law does not entitle Plaintiffs to this content from Google. I suggested that Mr. Sedivy subpoena the internet service providers associated with the IP addresses Google had produced in order to identify the Doe defendant and seek discovery from them. Mr. Sedivy admitted that Plaintiffs had not issued subpoenas regarding the IP addresses. We were unable to come to an agreement regarding Plaintiffs' demand for the emails. I informed Mr. Sedivy again that the proper district to file any motion to compel was the Northern District of California.

6. Attached hereto as **Exhibit B** is a true and correct copy of an email sent from Mr. Sedivy to me on December 11, 2017, stating that "[t]here was a rule enabled on [Plaintiff's] Inbox that forwarded a COPY of all emails to the [G]mail account."

7. On January 5, 2018, I spoke with Mr. Sedivy again to let him know that filing a motion to compel Google would be unjustified for the reasons we had discussed multiple times. I further requested that if Mr. Sedivy filed a motion to compel, that he do so in the Northern District of California, which is the district where compliance with the subpoena is required.

8. On January 10, 2018, Mr. Sedivy agreed that Google could return its portion of the Joint Stipulation by January 16, 2018.

I declare under penalty of perjury that the foregoing is true and correct. Executed: January 16, 2018

By: */s/ Christian Lee*
Christian Lee

# EXHIBIT A

**PERKINSCOIE**

3150 Porter Drive
Palo Alto, CA 94304-1212

☎ +1.650.838.4300
📠 +1.650.838.4350
PerkinsCoie.com

May 9, 2017

Christian Lee
CLee@perkinscoie.com
D. +1.650.838.4408
F. +1.650.838.4608

**VIA EMAIL AND OVERNIGHT MAIL**

Jeffrey Gersh
Stubbs, Alderton, & Markiles, LLP
15260 Ventura Blvd, 20th Floor
Santa Monica, CA 90401

Re:  **Subpoena to Google, *Europlay Capital Advisors, LLC, et al., v. Does 1 through 10*, No. 17-cv-02856, United States District Court for the Central District of California (Internal Reference No. 1008956)**

Dear Mr. Gersh:

I write on behalf of Google Inc. ("Google") to follow up with my letter of April 27, 2017 and the subpoena of the same date issued by Europlay Capital Advisors, LLC ("Europlay"). For the reasons stated below, Google objects to your request. Please contact me directly to meet and confer if you disagree with any of our objections.

As a preliminary matter, Google and the custodians who have control over Google's data are located in Mountain View, California, which is also where Google resides. Your subpoena, however, demands compliance more than 100 miles from Mountain View, and is therefore invalid under Fed. R. Civ. P. 45(c)(2)(A). Please obtain an amended subpoena that complies with these requirements.

### I. The Subpoena is Invalid Under the Federal Stored Communications Act.

The federal Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.* ("SCA"), does not permit private parties to compel production of the content of a user's electronic communications from service providers such as Google by service of a subpoena or court order. 18 U.S.C. § 2702(a)(1), (2); 18 U.S.C. § 2702(b)(1)-(8). There is no exception under the SCA for civil discovery demands, and courts have therefore uniformly held that the SCA does not permit civil litigants to compel service providers such as Google to produce the content of electronic communications in response to civil discovery demands. *See, e.g.*, *Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011) (Non-governmental entities may not obtain the content of communications with a civil discovery demand because it would "invade[] the specific interests that the [SCA] seeks to protect."); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1073-74 (9th Cir. 2004) (Civil discovery demand for content is not valid legal process under the SCA.); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1441-47 (2006) (same).

Accordingly, Google cannot produce the communications (such as Gmail) that you have specified in the subpoena.

Jeffrey Gersh
May 9, 2017
Page 2

## II. Europlay Should Direct Its Requests to the Gmail User, Who Is the Putative Defendant.

As I stated to you in my letter of April 27, 2017, Europlay should direct its discovery requests to the user, who is the putative defendant and who is also not subject to the SCA's provisions. Courts have recognized that a request for production directly to the user is the appropriate way to obtain the content of a litigant's electronic communications. *Suzlon*, 671 F.3d at 731 (noting that the inability to obtain documents from a provider does not affect the ability to obtain the documents directly from the user). Even in situations that do not implicate the SCA, litigants have an obligation to avoid imposing an undue burden on nonparties, and nonparty discovery should therefore occur only if the information is not available through discovery from the parties to the litigation themselves. *See, e.g., Realtime Data, LLC v. MetroPCS Texas, LLC*, No. C 12–80130, 2012 WL 3727304, at *2 (N.D. Cal. Aug. 28, 2012) ("[Plaintiff] has not demonstrated exactly what additional documents it requires beyond those it has secured or should have secured from [Defendant]."); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing subpoena where "the vast majority of the discovery sought from [the nonparty] is discovery obtainable from a source more direct, convenient, and less burdensome-namely, from Defendants . . . . There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *Fraserside IP v. Gamma Entertainment*, 286 F.R.D. 416, 421 (N.D. Iowa 2012) (quashing subpoena for Google data because it was "cumulative and unnecessary" since defendants could produce it as party discovery without involving Google).

## III. The Subpoena is Vague, Overbroad, and Unduly Burdensome to a Nonparty.

Google objects to Europlay's subpoena, including its definitions, instructions, and requests, because it is vague, overbroad, and unduly burdensome to a nonparty. Google also objects to the subpoena's definitions of "YOU" and "YOUR" as unintelligible because they purport to "mean and refer to Microsoft Corporation." Google Inc. is not Microsoft Corporation.

Google also objects to Europlay's requests that purport to require it to review for emails relating to "Mark Dyne, Europlay Capital Advisors, LLC, ecamail.com, Angela Mandel, Ryan Dorsey, Woodruff-Sawyer & Company, any local name @ecamail.com, or any local name @wsandco.com," as vague and unduly burdensome because it requires Google to review and filter individual messages for the specified subject matters. It is simply not appropriate to have a nonparty—with no stake in the action or awareness of the issues—invade a user's account or expend resources doing so when the materials are available to a party. *See, e.g.*, FED. R. CIV. P. 45(d). Google further objects that "any local name @ecamail.com" and "any local name @wsandco.com" are vague and unintelligible. Further, Google cannot identify users based only on common names. Google requires appropriate account identifiers to be able to search for records.

Additionally, all discovery requests must be relevant to a claim or defense. *See, e.g.*, FED. R. CIV. P. 26(b). Hence, Google objects to your requests for "[a]ll logs," "[a]ll DOCUMENTS and ESI," and "[a]ll COMMUNICATIONS" as overly broad insofar as it is unlimited in scope, and/or not related to an alleged injury or claim for recovery. *Reid v. Ingerman Smith LLP*, No.

Jeffrey Gersh
May 9, 2017
Page 3

CV 2012–0307, 2012 WL 6720752, at *2 (E.D.N.Y. Dec. 27, 2012) ("[T]his Court declines to require full disclosure of all materials contained in plaintiff's social media accounts because not all postings will be relevant to her claims."); *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388-89 (E.D. Mich. 2012) (denying request for content of Facebook account and emphasizing that a litigant "does not have a generalized right to rummage at will through information that [another party] has limited from public view").

Finally, to the extent your subpoena seeks deleted emails, they are generally not reasonably accessible to Google. *See Rhone v. Schneider National Carriers*, No. 4:15-cv-01096-NCC, 2016 WL 1594453, at *3 (E.D. Mo. Apr. 21, 2016); *United States v. Amerigroup Ill., Inc.*, No. 02 C 6074, 2005 WL 3111972, at *3-7 (N.D. Ill. Oct. 21, 2005) (Restoration of deleted content constitutes an "undue burden," and nonparties are not subject to the significant burden of restoring such data.).

### IV. Google Can Conduct a Reasonable Search for Reasonably Accessible Non-content Documents.

Subject to and without waiving the foregoing objections, the most that Google could produce in response to Europlay's subpoena is non-content information, such as basic subscriber information and IP logs. Assuming we can resolve the objections above and appropriately narrow your subpoena, Google might be able to provide reasonably available non-content information after providing the users with 21 days' notice and the opportunity to object.

\*   \*   \*   \*   \*

Finally, should you seek to enforce any subpoena, you must do so in the U.S. District Court for the Northern District of California. *See* Fed. R. Civ. P. 37(a)(2), 45(c)(2)(A), (d)(2)(B)(i), (g). Please contact me directly in order to satisfy your meet and confer obligations prior to filing any such motion. *See* Fed. R. Civ. P. 37(a)(1); N.D. Cal. L.R. 37-1(a).

Google otherwise preserves and does not waive any other available objections or rights.

Sincerely,

Christian Lee

# EXHIBIT B

## Lee, Christian (PAO)

**From:** James Sedivy <jsedivy@stubbsalderton.com>
**Sent:** Monday, December 11, 2017 1:44 PM
**To:** Lee, Christian (PAO)
**Subject:** Europlay Capital Advisors - Subpoena to Google

Christian,

I was out of the office all last week dealing with some personal health issues. Sorry that I was not able to follow-up with you last week regarding our recent conversation.

Please let me know if Google will be producing the content of the emails between mdyne@ecamail.com (our client) and alain.quaireau.kiade@gmail.com between March 28, 2017 to April 6, 2017.

Please note that we served a subpoena in this action on Microsoft Corporation requesting similar documents as the subpoena served on Google. Microsoft did produce the content of the emails requested, not just the email headers.

Our IT person confirmed the following:

    There was a rule enabled on Mr. Dyne's Inbox that forwarded a COPY of all emails to the gmail account.

    There is no record in Mr. Dyne's mailbox that these emails were forwarded (ie, there is nothing in his sent items.)

    The header information provided by Google does not help us to identify the emails (there is no subject) and they only contain date/time information.

    Even though the rule was supposed to forward all emails from Mark's account during the date period, we do not know what actually was forwarded.

    Google (like most providers) provide some level of email filtering, so even if a message was sent, we do not know if it was received.

Thus, we do need a copy of all emails received by the Gmail account. Please let me know if we need to proceed with a motion to compel the production of these documents.

Thank you.

Jim



**Stubbs Alderton & Markiles, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401

**James Sedivy**
Attorney
jsedivy@stubbsalderton.com

Bus: 818.444.9207
Fax: 818.444.9257
Mobile: 818.807.2611

1

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 15260 Ventura Blvd., 20th Floor, Sherman Oaks, California 91403.

On January 23, 2018, I served the foregoing documents described as: **DECLARATION OF CHRISTIAN LEE IN SUPPORT OF GOOGLE LLC'S PORTION OF THE JOINT STIPULATION RE MOTION TO COMPEL SUPPLEMENTAL RESPONSES FROM GOOGLE, LLC** on all interested parties to this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Julie Schwartz
Christian Lee
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Counsel for Non-party Google LLC
jschwartz@perkinscoie.com
clee@perkinscoie.com

[x] **BY E-MAIL:** I caused the above-referenced document to be transmitted via e-mail from hcory@stubbsalderton.com to jschwartz@perkinscoie.com

[x] **(BY OVERNIGHT CARRIER)** I caused the above-referenced document to be transmitted via FedEx to counsel at the address listed on the attached service list.

[ ] **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") FRCP, Rule 5(b)(2)(E)** (Pursuant to controlling General Order(s) and Local Rule(s) ("LR"), the foregoing document will be served by the court via NEF and hyperlink to the document to counsel at the email address(es) listed above.

[x] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 23, 2018, at Sherman Oaks, California.

HEATHER CORY

---

PROOF OF SERVICE