UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 17-2856-CAS (ASx) | Date | February 5, 2018 |
|---|---|---|---|
| Title | *Europlay Capital Advisors, LLC, et al. v. Does* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | Not reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings (In Chambers):**   Order Regarding Plaintiffs' Motion To Compel Supplemental Responses From Nonparty Google LLC (Dkt. Nos. 17, 18, 22)

On April 28, 2017, Plaintiffs served nonparty Google LLC with a subpoena, requesting copies of emails that were automatically forwarded from Plaintiffs' email accounts ("Subject Emails") in order to disclose the identities of those who are alleged to have illegally accessed Plaintiffs' computers and confidential information. (Dkt. No. 17, Ex. 3 ("Subpoena"); Dkt. No. 18 at 3). The Subpoena was served on Google's registered agent for service of process, Corporation Service Co., in Sacramento, California and commanded Google to produce responsive information at Plaintiffs' counsel's office in Sherman Oaks, California. (Subpoena at 1). On May 9, 2017, Google objected to the Subpoena, noting in part that the custodians who have control over Google's data are located in Mountain View, California, which is also where Google resides. (Dkt. No. 17, Ex. 12 ("Lee Decl.") at Ex. A). Google further notified Plaintiffs that because their Subpoena demands compliance in Sherman Oaks, California, which is more than 100 miles from Mountain View, it was invalid under Fed. R. Civ. P. 45(c)(2)(A). (Lee Decl. Ex. A). On June 28, 2017, in response to the Subpoena, Google electronically produced certain information, including subscriber information, IP addresses, and noncontent headers. (Lee Decl. ¶ 4). However, Google refused to produce the content of the Subject Emails because disclosing such protected content is prohibited by the Stored Communications Act, 18 U.S.C. § 2701. (Lee Decl. ¶ 3 & Ex. A). Plaintiffs now seek to compel Google to produce the content of the Subject Emails. See Dkt Nos. 17, 18 and 22.

Under the federal rules, as amended in 2013, "a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required." Woods ex rel. U.S. v. SouthernCare, Inc., 303 F.R.D. 405, 406 (N.D. Ala. 2014) (citing Fed. R. Civ. P. 45(a)(2), (d)(3)(A)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 17-2856-CAS (ASx) | Date | February 5, 2018 |
|---|---|---|---|
| Title | *Europlay Capital Advisors, LLC, et al. v. Does* | | |

Rule 45 further requires that the place of compliance for the "production of documents, electronically stored information, or tangible things [is] at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). Here, the Court finds that district is the Northern District of California because it is within 100 miles of where (1) Google is headquartered; (2) Google's custodians of records reside, are employed, and regularly transact business in person; and (3) Google's custodians produced records in response to the Subpoena. (Lee Decl. ¶ 7 & Ex. A). Thus, this Court has no jurisdiction over Plaintiffs' motion to compel. Agincourt Gaming, LLC v. Zynga, Inc., No. 14 CV 0708, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014) ("Under the current version of [Rule 45], when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion."); Chambers v. Whirlpool Corp., No. SACV 11-1733, 2016 WL 9451360, at *3 (C.D. Cal. Aug. 12, 2016) (same).

Google repeatedly informed Plaintiffs that the proper district to compel compliance with the Subpoena is the Northern District of California. (Lee Decl. ¶¶ 3, 5, 7 & Ex. A). Nevertheless, Plaintiffs contend that their motion to compel can be heard in this Court. (Dkt. No. 18 at 18–19). Plaintiffs argue that the Central District of California is the proper district to hear this motion because Google has an office in Venice, California. (Dkt. No. 18 at 19). However, despite Google having an office in Venice, the proper district to hear a motion to compel is where Google is headquartered. See Music Grp. Macao Commercial Offshore Ltd. v. Does, 82 F. Supp. 3d 979, 982, 984 (N.D. Cal. 2015) (holding that there is "no question" that the proper district to hear a motion to compel compliance with a Rule 45 nonparty subpoena is where the nonparty is headquartered); AngioScore, Inc. v. TriReme Med., Inc., No. 12 CV 3393, 2014 WL 6706873, at *1 & n.1 (N.D. Cal. Nov. 25, 2014) (holding that a Rule 45 subpoena specifying the place of compliance as more than 100 miles from nonparty's headquarters was "invalid on its face"); Procaps S.A. v. Patheon Inc., No. 12-24356-CIV, 2015 WL 1722481, at *3 (S.D. Fla. Apr. 15, 2015) (holding that district of compliance for Rule 45 subpoena is where nonparty corporation was headquartered).

Plaintiffs contend that "the 100-mile limit does not apply to the production of documents," citing Walker v. Ctr. for Food Safety, 667 F. Supp. 2d 133, 137 (D.D.C. 2009). (Dkt. No. 22 at 2). However, Walker was decided four years prior to the Rule 45 amendments, and the current version of Rule 45 clearly requires that the "production of documents [or] electronically stored information" must be "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). Plaintiffs also argue that the Central District is the proper district because the Subpoena commanded production in Sherman Oaks. (Dkt. No. 18 at 19). However, Google did not produce any documents in Sherman Oaks. Instead, Google produced

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 17-2856-CAS (ASx) | Date | February 5, 2018 |
|---|---|---|---|
| Title | *Europlay Capital Advisors, LLC, et al. v. Does* | | |

electronic records from Mountain View, California, where its custodians of records reside. (Lee Decl. at ¶¶ 2, 4–5 & Ex. A).

Plaintiffs' reliance on Elder-Beerman Stores Corp. v. Federated Dep't Stores, Inc., 45 F.R.D. 515 (S.D.N.Y. 1968), is also inapposite. (See Dkt. No. 18 at 19). First, Elder-Beerman was decided in 1968, fully 45 years before the Rule 45 amendments at issue here. Second, the Elder-Beerman court considered only whether a nonparty was sufficiently present in the district so as to subject it to legal process there, and concluded that it was not. 45 F.R.D. at 516. Further, the court concluded that whether a corporation "does business within the jurisdiction usually arises in the context of the forum court's being asked to decide whether it has jurisdiction over the corporation as a party defendant rather than as a *non*-party witness, and, as indicated upon oral argument, a different (and presumably stricter) standard might apply to non-party subpoenas." Id. (emphasis in original). Thus, Elder-Beerman supports Google's argument that whether a corporation is present in a district is not a compelling argument when the corporation is a nonparty. See also Fed. R. Civ. P. 45(f) advisory comm. notes to 2013 amends ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."); Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc., No. 13-238, 2014 WL 272088, at *3 (E.D. Pa. Jan. 24, 2014) (recognizing that forcing a nonparty and its counsel to travel out of their home district to address a Rule 45 motion to compel "unduly burdens" the nonparty).

Plaintiffs' Motion To Compel Supplemental Responses From Google LLC is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

cc: Christina A. Snyder
    United States District Judge

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | AF | | |